IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JON S., | * | |
|     Plaintiff, | * | |
| vs. | * | Civil Action No.   ADC-22-2513 |
| KILOLO KIJAKAZI, | * | |
| Acting Commissioner, | * | |
| Social Security Administration | * | |
| | * | |
|     Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

On October 3, 2022, Jon H. ("Plaintiff" or "Claimant") petitioned this Court to review the Social Security Administration's ("SSA") final decision to deny his claims for Disability Insurance Benefits ("DIB") under Title II and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"). ECF No. 1. Plaintiff and Defendant filed cross-motions for summary judgment (ECF Nos. 12, 14) on March 15, 2023 and May 16, 2023 respectively.[1] After considering the parties' Motions, the Court finds that no hearing is necessary. Loc.R. 105.6 (D.Md. 2023). For the reasons that follow, Plaintiff's Motion for Summary Judgment (ECF No. 12) is GRANTED as to remand and DENIED as to all other relief, Defendant's Motion for Summary Judgment (ECF No. 14) is DENIED, and the SSA's decision is REMANDED for further analysis in accordance with this opinion.

### PROCEDURAL HISTORY

Plaintiff originally filed an application for DIB and SSI on December 6, 2019, alleging

---

[1] On October 3, 2022, the parties voluntarily consented to proceed before a United States Magistrate Judge in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302. *See* ECF No. 5. This case was assigned to United States Magistrate Judge A. David Copperthite on July 10, 2023.

1

disability beginning May 31, 2018. ECF No. 8-3 at 16.[2] His claim was initially denied on September 15, 2020, and upon reconsideration on June 21, 2021. *Id.* Thereafter, Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held virtually on November 9, 2021. *Id.* On April 4, 2022, the ALJ rendered a decision finding that Plaintiff was not disabled under the Act. *Id.* at 27-28. Plaintiff then requested review of the ALJ's decision, which the Appeals Council denied on August 24, 2022. *Id.* at 2. Thus, the ALJ's decision became the final decision of the SSA. *See* 20 C.F.R. § 404.981; *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000). On October 3, 2022, Plaintiff filed a Complaint in this Court seeking judicial review of the SSA's denial of his disability application. ECF No. 1.

## STANDARD OF REVIEW

This Court may review the SSA's denial of benefits under 42 U.S.C. § 405(g). *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted). The Court's review of an SSA decision is deferential: "[t]he findings of the [SSA] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). *See Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996) ("The duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court."). The issue before the reviewing Court is whether the ALJ's finding of nondisability is supported by substantial evidence and based upon current legal standards. *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (citations omitted). "It means—and means only—'such relevant evidence

---

[2] Although ECF No. 8 is independently paginated, this Opinion cites to the page numbers assigned by CM/ECF.

as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). In a substantial evidence review, the Court does not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (citations omitted). Therefore, in conducting the "substantial evidence" inquiry, the Court must determine whether the ALJ has considered all relevant evidence and sufficiently explained the weight accorded to that evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439-40 (4th Cir. 1997).

## DISABILITY DETERMINATIONS AND BURDEN OF PROOF

To be eligible for DIB, claimants must establish that they are under disability within the meaning of the Act. The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant shall be determined to be under disability where "[her] physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

In determining whether a claimant has a disability within the meaning of the Act, the ALJ, acting on behalf of the SSA, follows a five-step sequential evaluation process outlined in the Code

3

of Federal Regulations. 20 C.F.R. §§ 404.1520, 416.920. *See Mascio v. Colvin*, 780 F.3d 632, 634-35 (4th Cir. 2015). "If at any step a finding of disability or nondisability can be made, the SSA will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, the ALJ considers the claimant's work activity to determine if the claimant is engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If so, the claimant is not disabled. At step two, the ALJ considers whether the claimant has a "severe medically determinable physical or mental impairment [or combination of impairments]" that is either expected to result in death or to last for a continuous twelve months. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1509, 416.920(a)(4)(ii), 416.909. If not, the claimant is not disabled. At step three, the ALJ considers whether the claimant's impairments, either individually or in combination, meet or medically equal one of the presumptively disabling impairments listed in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If so, the claimant is considered disabled, regardless of her age, education, and work experience. *See Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

Prior to advancing to step four of the sequential evaluation, the ALJ must assess the claimant's residual functional capacity ("RFC"), which is then used at the fourth and fifth steps of the analysis. 20 C.F.R. §§ 404.1520(e), 416.920(a)(4)(iv). Claimant's RFC "is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The ALJ must consider even those impairments that are not "severe." 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2).

In determining RFC, the ALJ evaluates the claimant's subjective symptoms (e.g., allegations of pain) using a two-part test. *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996); 20 C.F.R. §§ 404.1529(a), 416.929(a). First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the actual alleged symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b). Once the claimant makes that threshold showing, the ALJ must then evaluate the extent to which the symptoms limit the claimant's capacity to work. 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1). At this second step, the ALJ must consider all of the available evidence, including medical history, objective medical evidence, and statements by the claimant. 20 C.F.R. §§ 404.1529(c), 416.929(c). The ALJ must assess the credibility of the claimant's statements, as symptoms can sometimes manifest at a greater level of severity of impairment than is shown by solely objective medical evidence. *See generally* SSR 96-7p, 1996 WL 374186 (July 2, 1996). To assess credibility, the ALJ should consider factors such as the claimant's daily activities, treatments he has received for her symptoms, medications, and any other factors contributing to functional limitations. *Id.* at *3. However, the ALJ may not "disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate them." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020) (quoting SSR 16-3p, 2016 WL 1119029, at *5 (Mar. 16, 2016) (citations omitted)). Requiring objective medical evidence to support the claimant's subjective evidence of pain "improperly increase[s] [her] burden of proof." *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017).

At step four, the ALJ considers whether the claimant has the ability to perform past relevant work based on the determined RFC. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If so, the claimant is not disabled. Where the claimant is unable to resume past relevant work, the ALJ

proceeds to the fifth and final step of the sequential analysis. Claimant has the burden of proof during steps one through four of the evaluation. 20 C.F.R. §§ 404.1520, 416.920. *See Radford*, 734 F.3d at 291. However, at step five, the burden of proof shifts to the ALJ to prove: (1) that there is other work that the claimant can do, given her age, education, work experience, and RFC, and (2) that such alternative work exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). *See Hancock*, 667 F.3d at 472–73. If the claimant can perform other work that exists in significant numbers in the national economy, he is not disabled. If the claimant cannot perform other work, he is disabled.

## **THE ALJ'S DETERMINATION**

The ALJ performed the sequential analysis and found at step one that Plaintiff has not engaged in substantial gainful activity since November 1, 2019. ECF No. 8-3 at 19. At step two, the ALJ found that Plaintiff has a severe knee impairment and a severe spine impairment. *Id.* at 19. The ALJ also found that Plaintiff suffers from the following nonsevere impairments: carpal tunnel syndrome, migraine headaches, laryngitis, tinnitus, vitreous degeneration, dysthymia, anxiety, and substance abuse. *Id.* at 19-20. At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. pt. 404, Subpt. P, App. 1. *Id.* at 22-23. The ALJ then determined that Plaintiff had the RFC

> to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) except he is further limited to occasionally climbing ramps and stairs, and never climbing ladders, ropes or scaffolds. He can occasionally balance on uneven, narrow, or slippery surfaces. He can engage in occasional stooping, kneeling, crouching and crawling. He can have no exposure to hazards, such as unprotected heights or dangerous machinery.

*Id.* at 23-26. At step four, the ALJ found that Plaintiff has no past relevant work experience. *Id.* at 26. Finally, at step 5, the ALJ concluded that there are "jobs that exist in significant numbers in

the national economy that the claimant can perform" considering his age, education, work experience, and residual function capacity. *Id.* at 26. Therefore, the ALJ concluded that Plaintiff was not disabled under the Act. *Id.* at 27.

## DISCUSSION

On appeal, Plaintiff argues that this Court should reverse, or in the alternative remand, the SSA's final decision because the ALJ's RFC assessment did not contain a function-by-function analysis of his physical limitations. ECF No. 12 at 8-18. Specifically, he argues that "the ALJ's RFC determination is materially incomplete," as the ALJ did not reach any conclusions regarding his ability to sit, stand, walk, lift, carry, push, and pull for an entire workday. *Id.* at 15. Defendant, on the other hand, argues that although the ALJ did not conduct an "explicit function-by-function analysis," remand is not warranted here as the ALJ "[o]ver the course of multiple pages, . . . ; detailed Plaintiff's medical treatment, testimony, and reports in explaining her RFC, building the 'logical bridge' from the evidence to the ALJ's conclusions." ECF No. 14 at 7, 11.

A claimant's RFC represents "the most [he] can still do despite [his] limitations. 20 C.F.R. § 416.945(a)(1). Social Security Ruling ("SSR") 96-8p, which provides the framework for evaluating a claimant's RFC, states:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, **the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule),** and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

SSR 96-8p, 1996 WL 374184, at *7 (footnote omitted) (emphasis added). In performing the function-by-function analysis, the ALJ must "build an accurate and logical bridge from the

evidence to [her] conclusions." *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)). While there is no per se rule that remand is required when an ALJ fails to perform "an explicit function-by-function analysis," remand is nonetheless appropriate "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Mascio*, 780 F.3d at 636 (citations omitted). *See Schlossnagle v. Colvin*, No. TMD 15-935, 2016 WL 4077672, at *7 (D.Md. Aug. 1, 2016) (explaining the same). "If the reviewing court has no way of evaluating the basis for the ALJ's decision, then the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013) (citations omitted).

The "function-by-function assessment is not the same as an assessment of the intensity and persistence of Plaintiff's symptoms, the latter of which is outlined in SSRs 96-7 and 16-3p." *Henderson v. Kijakazi*, No. AAQ-20-3346, 2022 WL 1555408, at *2 (D.Md. May 17, 2022). The Fourth Circuit has explained that "a claimant's symptoms, and the extent to which the alleged severity of those symptoms is supported by the record, is relevant to the RFC determination. . . . But an RFC assessment is a separate and distinct inquiry from a symptom evaluation[.]" *Dowling v. Comm'r, Soc. Sec. Admin*, 986 F.3d 377, 388-89 (4th Cir. 2021).

Returning to the instant case, it is clear from the ALJ's decision that a proper function-by-function analysis was not conducted. ECF No. 8-3. While the ALJ summarized Plaintiff's medical opinions, subjective complaints, and testimony, she failed to analyze Plaintiff's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis—

as is required by SSR 96-8p. 1996 WL 374184, at *7. For the reasons explained below, the Court finds that this error was not harmless.

Here, the ALJ found at step-two that Plaintiff had a severe knee impairment and a severe spine impairment. ECF No. 8-3 at 19. Despite these findings, the ALJ did not include any analysis or discussion of Plaintiff's ability to perform many of the functions of light work, including numerous functions that would be affected by severe impairments to one's knees or spine. *See* SSR 96-8p, 1996 WL 374184, at *7. For example, the ALJ did not opine on Plaintiff's ability to sit, stand, walk, lift, carry, push, or pull on a regular or continuing basis. *See* SSR 96-8p, 1996 WL 374184, at *7. These omissions are material, as "light work" requires that a claimant be able "to do substantially all of" the following activities: "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds"; "a good deal of walking or standing"; and "pulling of arm or leg controls."[3] 20 C.F.R. §404.1567(b); 20 C.F.R. §416.967(b). Without any analysis of Plaintiff's ability to perform these functions, the Court cannot accurately access the ALJ's conclusion that Plaintiff has the RFC to perform light work. *See Henderson*, 2022 WL 1555408, at *3 ("This failure is particularly problematic in cases such as this where, as explained above, the failure to do so impacted the analysis."). *But see Andrew G. v. Kijakazi*, No. ADC-22-1979, 2023 WL 3766101, at *4 (D.Md. June 1, 2023) (finding that remand was not warranted as the Court was "unpersuaded that any of the omitted physical exertional functions were contested before the ALJ or relevant to the outcome of the claim").

Setting aside the lack of a function-by-function analysis, the Court finds that the ALJ failed to build an accurate and logical bridge between Plaintiff's testimony, his medical records, and her

---

[3] The full range of light work "requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." SSR 83-10, at *6.

RFC determination. Although the ALJ concluded that Plaintiff could only perform light work, she observed that Plaintiff's knee impairment was being "conservatively managed with a knee brace, anti-inflammatory, and circle gel pads" and that he had a "full range of motion" and "no evidence of displaced fracture or dislocation." *Id.* at 24. As to Plaintiff's spine, the ALJ explained that an "x-ray of the thoracic spine showed normal vertebral bodies in height and stature and minimal spondylosis" and "only mild degenerative changes with a few minimal disc bulges and no spinal canal stenosis or convincing exiting nerve root compromise." *Id.* A spinal examination also revealed that Plaintiff had "normal extremities that were non-tender without cyanosis, clubbing, or edema." *Id.* The ALJ also considered Plaintiff's testimony that he "is able to provide caregiving for his mother . . . go for short walks, perform daily exercises (reporting in January 2022 that he spends most of his day exercising), prepare meals, do laundry, shop in stores, and craft." *Id.* at 25. These relatively mild and benign findings do not, on their own, appear to translate to an RFC of light work. Without more analysis, the Court cannot conclude that substantial evidence supports the ALJ's RFC determination and therefore must remand the case. *See Nancy G. v. Kijakazi*, No. GLS-20-3440, 2022 WL 363824, at *4 (D.Md. Feb. 4, 2022).

## Conclusion

Based on the foregoing and pursuant to 42 U.S.C. § 405(g), Plaintiff's Motion for Summary Judgment (ECF No. 12) is GRANTED as to remand and DENIED as to all other relief. Defendant's Motion for Summary Judgment (ECF No. 14) is DENIED. The decision of the SSA is REMANDED for further proceedings consistent with this Opinion. A separate order will follow.

Date: 15 August 2023

A. David Copperthite
United States Magistrate Judge